```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENISE M. EMERY              :    CIVIL ACTION
                             :    NO. 07-2482
          Plaintiff,         :
                             :
     v.                      :
                             :
MICHAEL J. ASTRUE,           :
                             :
          Defendant.         :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              DECEMBER 18, 2008

      Plaintiff Denise M. Emery ("Plaintiff") brought this action under 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383(f).  On March 13, 1997, Plaintiff filed an application for DIB, which the Commissioner denied.  (Tr. 76, 157.)  Plaintiff appealed and was afforded a hearing before an Administrative Law Judge ("ALJ").  (Tr. 84, 86.)

      On May 24, 1999, the ALJ denied Plaintiff's DIB claim.  (Tr. 36-43.)  Plaintiff appealed and the Appeals Council remanded the claim to the ALJ, requiring a more extensive examination of Plaintiff's medical records.  (Tr. 90.)

On January 10, 2002, after a second hearing, the ALJ again determined Plaintiff was not entitled to DIB. (Tr. 53.) Plaintiff appealed this decision, and on January 20, 2003, the Appeals Council again remanded the claim to the ALJ for consideration of the updated medical records. (Tr. 110.)

On June 9, 2003, after a hearing conducted by a different ALJ, Plaintiff's DIB claim was denied again. The ALJ found that although Plaintiff's condition limited her ability to perform "the full range of sedentary work, . . . there are a significant number of jobs in the national economy which she could perform." (Tr. 66.)

Plaintiff appealed, and on July 27, 2004, the Appeals Council remanded the claim for a third time, finding that the ALJ did not inquire into possible conflicts between the Vocational Expert's ("VE") evidence and the Dictionary of Occupational Titles ("DOT").

On July 23, 2005, following two additional hearings addressing the Appeals Council's instructions, the ALJ again denied Plaintiff's DIB claim, finding that she was capable of working a significant number of jobs, and thus was not disabled. (Tr. 21.)

Plaintiff appealed again, and on April 18, 2007, the Appeals Council denied Plaintiff's request for review. As a

result, the ALJ's findings became the final decision of the Commissioner.

Thereafter, Plaintiff initiated the instant action. This Court referred the case to United States Magistrate Judge Henry S. Perkin for a Report and Recommendation. Judge Perkin recommended that Plaintiff's Request for Review be denied. Plaintiff filed four objections to Judge Perkin's Report and Recommendation, which are presently before the Court.

After careful consideration of the administrative record, the parties' motions for summary judgment, Judge Perkin's Report and Recommendation, and Plaintiff's objections thereto, the Court will overrule Plaintiff's objections and adopt the Report and Recommendation.

I. BACKGROUND

Magistrate Judge Perkin comprehensively recounted the facts and procedural history of this case in his Report and Recommendation (doc. no. 13-2). Therefore, this Court will not engage in a repetitive rendering of the case background.

II. GENERAL PRINCIPLES

This Court undertakes a <u>de novo</u> review of the portions of the Report and Recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b)(1); <u>Cont'l Cas. Co. v. Dominick D'Andrea,</u>

Inc., 150 F.3d 245, 250 (3d Cir. 1998).  The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Decisions of an ALJ are upheld if supported by "substantial evidence."  Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotations and citation omitted).  "It is less than a preponderance of the evidence but more than a mere scintilla." Jesurum v. Sec'y of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).  If the ALJ's decision is supported by substantial evidence, the Court may not set it aside even if the Court would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted); see also Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) ("In the process of reviewing the record for substantial evidence, we may not 'weigh the evidence or substitute [our own] conclusions for those of the fact-finder.'") (quoting Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Because Magistrate Judge Perkin outlined the standards for establishing a disability under the Social Security Act and

4

summarized the five-step sequential process for evaluating disability claims, the Court will not duplicate these efforts here. Rep. and Recommendation at 3-4; see also Santiago v. Barnhart, No. Civ.A. 03-6460, 2005 WL 851076, at *1 (E.D. Pa. Apr. 12, 2005) (Robreno, J.) (outlining the standards and five-step sequential process for evaluating disability claims).

III. DISCUSSION

Plaintiff objects to the Report and Recommendation, arguing that the Magistrate Judge committed reversible error by: (1) finding that the hypothetical question posed by the ALJ to the VE was not fundamentally flawed; (2) finding that the VE's answer to the unspecific hypothetical question was adequate; (3) finding that the ALJ did not fail to address the Appeals Council's directives on remand; and (4) ruling that the VE's testimony constituted substantial evidence.

    A.    Objection 1: The hypothetical question which the ALJ posed to the Vocational Expert was itself fundamentally flawed.

Plaintiff argues that the ALJ's hypothetical question, based solely on Exhibit 8F, is deficient for two reasons: (1) specific limitations identified by the author of Exhibit 8F[1] are

---

[1] Exhibit 8F contains Dr. Bree's medical evaluation.

not found anywhere in the transcript; and (2) the ALJ omitted the terms of his own residual functional capacity ("RFC") determination in the hypothetical, and thus the ALJ's RFC determination did not match that used in the hypothetical. Plaintiff's arguments are without merit.  The court considers each ground for deficiency in turn.

A hypothetical question is deficient, or "fundamentally flawed," when it does not reflect "all of the claimant's impairments that are supported by the record." Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987).  The hypothetical must examine four essential factors:  (1) claimant's age; (2) claimant's education; (3) claimant's past work experience; and (4) claimant's residual functional capacity.  20 C.F.R. § 404.1505(a).

For the evidence to be substantial to support a disability determination, the hypothetical question must accurately "portray the claimant's individual physical and mental impairments." Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984).  A remand on a central issue in which the hypothetical was supported by a factual basis in the record serves no purpose. Id. at 224.  Hypotheticals are considered deficient when important factors are omitted or the claimant's limitations are

6

not adequately portrayed.  See Id. at 218; see also Ramirez v. Barnhart, 372 F.3d 546, 554-55 (3d Cir. 2004).

First, Plaintiff's contention that the hypothetical question is deficient because the specific limitations in Exhibit 8F are not found in the transcript is without merit.  Although the specific limitations identified in Exhibit 8F are not expressly described in the transcript, these are in fact in the well-developed record (Tr. 294-297.)  The exhibit contains a paragraph describing Plaintiff's age, educational history, occupation, and functional history, along with an extensive medical description of Plaintiff's motor strength, sensation, and range of motion.  (Tr. 294-297.)  The absence of the exact words from Exhibit 8F in the transcript does not render the hypothetical deficient, nor does it discount the VE's testimony.

Second, Plaintiff's deficient hypothetical argument, predicated on the fact that the ALJ's RFC determination was omitted from the hypothetical and actually differed from that in Exhibit 8F, also fails.  Plaintiff is correct in that the exhibit did not include the ALJ's own RFC determination, which differed slightly from Dr. Bree's assessment.[2]  (Tr. 63.)  However, these

---

[2] In his decision, the ALJ noted that claimant needed to "alternate between sitting and standing at her option."  (Tr.

discrepancies are not fatal. It is only required that a hypothetical question reflect "all of the claimant's impairments." Chrupcala, 829 F.2d at 1276. When the ALJ includes a claimant's mental and physical impairments in the hypothetical, it must be with "great specificity." Burns, 312 F.3d at 122.

Exhibit 8F contains an extensive and specific description of all Plaintiff's impairments. (Tr. 294-297.) In Podedworny, the ALJ considered several of the claimant's limitations, but failed to consider two specific impairments that were "medically undisputed and could seriously affect appellant's ability to engage in alternative employment." 745 F.2d at 218. It was determined that the omission of these two conditions rendered the hypothetical question defective and did not constitute substantial evidence. Id.

The situation here is distinguishable from that in Podedworny in that here there were no omissions from the hypothetical presented to the VE. The Plaintiff's limitations were not inadequately conveyed by the difference in the ALJ's RFC

---

63.) The ALJ interpreted Dr. Bree's evaluation from Exhibit 8F to indicate the patient is limited to "alternate between sitting and standing at 1 hour intervals." (Tr. 63, 295.)

determination and Dr. Bree's.  The ALJ accepted all of Dr. Bree's limitations, which were presented to the VE for consideration in the hypothetical at step five of the evaluation process.  (Tr. 63.)  Additionally, the VE determined that all of the jobs suggested could be performed with a sitting and standing option, as outlined in the ALJ's final decision.  (Tr. 20.)

Under these circumstances, the ALJ's hypothetical was sufficient, as the ALJ did not improperly rely upon the VE's testimony.  The Plaintiff's first objection is overruled on the basis that the hypothetical adequately conveyed the claimant's limitations and was not fundamentally flawed.

B.   Objection 2:  The Vocational Expert's Own Comments at the Hearing Highlighted Her Uncertainty As to the Lack of Specificity in the ALJ's Hypothetical Question.

Plaintiff contends that the VE's attempt to address the "impact of medical findings such as decreased sensation, diminished grip strength and limited range of motion . . . " was "clearly beyond her area of expertise."  (Doc. no. 14.)  This contention is without merit.

A vocational expert "may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's

9

medical impairment(s) can meet the demands of the claimant's previous work . . . "  20 C.F.R. § 404.1560(b)(2).  Therefore, a VE's testimony is directly related to describing how the medical findings affect or limit the claimant's ability to function.  For these reasons, Plaintiff's second objection fails.

>   C.    Objection 3: The Vocational Expert Never Identified Plaintiff's Past Relevant Work with Reference to the DOT As Required by SSR 00-4p and As Specifically Directed by the Appeals Council.

Plaintiff maintains that the ALJ, in direct violation of the Appeals Council's request on remand, failed to inquire into the following from the VE:  (1) Plaintiff's specific vocational preparation ("SVP"); (2) DOT reference number for her past work; and (3) the DOT reference number for the surveillance system monitor job.  For these reasons, Plaintiff contends that the VE testimony is faulty and thus ALJ may not rely on it.  This argument is rejected.

Contrary to Plaintiff's contention, on remand, the ALJ followed the Appeals Council instructions and the requirements under SSR 00-4p.  The case was remanded to ask the VE whether there were any conflicts between the evidence provided and the information given in the DOT.  SSR 00-4p indicates an ALJ has an

"affirmative responsibility to ask about any possible conflict between that VE . . . evidence and information provided in the DOT."  SSR 00-4p.  Before relying on the VE testimony, conflicts must be resolved by a reasonable explanation of the inconsistency.

Two potential conflicts were brought to light in the June 29, 2005 hearing:  (1) that the DOT identified no jobs with sit stand options, and (2) that the limitations identified in Exhibit 8F do not match those in the DOT tasks for each job identified by the VE.  (Tr. 461-62.)  The VE clearly states that there is not a sit stand option in the DOT and "of the 12,000 jobs that are listed [in the DOT], there is no, there is no reference to sit stand option."  (Tr. 463.)  The VE further explains that the reason there is no sit stand option is that the DOT leaves room for VE interpretation based on experience and other reference materials.  (Tr. 463.)  Furthermore, the VE went on to indicate that the jobs she identified from the DOT were "consistent with the DOT in terms of being sedentary and semiskilled."  (Tr. 463.)

The Appeals Council directions were not to ask the VE what the DOT number and SVP were for the Plaintiff's past work.

Notably, the directions did not require the ALJ to ask the VE for the DOT reference for every position she recommended.  In fact, in the January 26, 2005 hearing, Plaintiff's attorney actually declined the VE's offer to give DOT numbers for the jobs suggested.  (Tr. 497.)  Additionally, Plaintiff's attorney had no concerns, other than the sit stand option objection, when the VE addressed the security systems monitor job.  (Tr. 475.)

Plaintiff's attorney identified the possible conflicts between the VE evidence and the DOT, and therefore the ALJ affirmatively addressed these conflicts according to the Appeals Council instructions.  The VE adequately resolved each conflict through reasonable explanation, providing a basis for the ALJ to rely on the VE evidence.  Therefore, Plaintiff's third objection fails.

    D.    Objection 4: The Testimony of the Vocational Expert Did Not Constitute Substantial Evidence.

Plaintiff argues that the VE testimony did not support the ALJ's conclusion regarding alternate work Plaintiff could perform.  Plaintiff predicates this argument on four grounds. First, Plaintiff suggests that because the VE did not give a DOT reference or SVP for Plaintiff's past work, there is no basis for comparison with the suggested job of information clerk.  Second,

Plaintiff suggests VE testimony regarding the number of telephone solicitor jobs in the area was incomprehensible and therefore unreliable.  Third, Plaintiff argues VE's testimony regarding dispatcher is too vague to rely on as a basis for determining alternate work.  Fourth, the Plaintiff argues the VE did not identify the surveillance system monitor with reference to the DOT.  Plaintiff's argument fails on all grounds.

VE testimony "in response to a hypothetical that fairly set[s] forth every credible limitation established by the physical evidence" is considered substantial evidence and may be relied upon by the ALJ.  Plummer v. Apfel, 186 F.3d 422, 431 (3d Cir. 1999).  The hypothetical question must accurately "portray the claimant's individual physical and mental impairments." Podedworny, 745 F.2d at 218.

Plaintiff's first attack on the VE's testimony fails. Plaintiff suggests because the VE did not give a DOT or SVP for Plaintiff's past work, there is no basis for comparison.  The requirements under 20 C.F.R. § 404.1560(b)(2) only specify that the DOT references may be used to help determine whether a claimant can perform past relevant work. Additionally, the VE specifically asked Plaintiff what her past relevant work required and directly applied that information to Plaintiff's current

13

state. (Tr. 495-97.) The VE testimony provides evidence of a meaningful comparison between Plaintiff's past work and alternate jobs and therefore Plaintiff's argument on this point is without merit.

Second, Plaintiff's attack of the VE's testimony as incomprehensible and unreliable fails. Plaintiff focuses on the VE's use of the term "joke" when discussing the number of telephone solicitor jobs in the local market, using this to suggest the actual number of jobs is uncertain and insubstantial. (Tr. 498.) The VE testimony clearly states 1,700 telephone solicitor jobs regionally, and 500,000 nationally. Read in context, the VE's reference to "joke" and the number of calls nationally indicates the VE's opinion that the reported numbers were too low. For this reason, Plaintiff's second contention fails.

Plaintiff's third argument suggesting the VE's testimony regarding the dispatcher job is too vague to rely on as a basis for determining alternate work also fails. In Boone v. Burnhart, the VE identified 5,800 home health aide jobs existed regionally and 322,000 existed nationally. 353 F.3d 203, 207 (3d Cir. 2003). The Third Circuit clarified that home health aide jobs ranged in exertion level, and it was unclear how many jobs

14

existed out of 5,800 and 322,000 that were suitable for the claimant. Id.  The Boone court ultimately discounted the VE testimony because it did not provide substantial evidence the claimant could work other jobs. Id. at 211.  However, this determination was based on the fact that all the jobs that the VE identified were above the claimant's skill level and the VE and ALJ failed to explain these conflicts. Id. at 206-08.

Here, the VE has identified four jobs that the Plaintiff can perform, all within her skill level. (See Tr. 499.)  The VE's testimony is such that a reasonable mind would accept as adequate the conclusion that there are a significant number of jobs Plaintiff can still perform.

Finally, Plaintiff's argument that the VE did not identify the surveillance system monitor with reference to the DOT is without merit.  Plaintiff's attorney specifically declined DOT references when the VE offered to provide them, saying she did not care (tr. 497-98), and declined to object to anything regarding the surveillance system monitor position except the sit stand option, (tr. 475).  Furthermore, the ALJ identified the position using a DOT reference in his decision. (Tr. 20.) Plaintiff's final objection is contradicted by evidence in the record and therefore is without merit.

15

The VE's testimony was based on a hypothetical that adequately conveyed the Plaintiff's limitations and is one in which reasonable minds would accept as adequate to support the ALJ's conclusion.  Plaintiff's objection is overruled on the basis that each of the above arguments can be explained with support from the fully developed record.

IV. CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's determination is supported by substantial evidence in the administrative record.  Accordingly, Plaintiff's objections will be overruled and the Report and Recommendation will be approved and adopted.  An appropriate order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DENISE M. EMERY,                 :     CIVIL ACTION
                                 :     NO. 07-2482
          Plaintiff,             :
                                 :
     v.                          :
                                 :
MICHAEL J. ASTRUE,               :
                                 :
          Defendant.             :
```

**O R D E R**

**AND NOW**, this **18th** day of **December, 2008,** after review of the Report and Recommendation of United States Magistrate Judge Henry S. Perkin (doc. no. 13-2) and Plaintiff's Objections thereto (doc. no. 14), it is hereby **ORDERED** for the reasons provided in the accompanying Memorandum that:

    1.   The Report and Recommendation (doc. no. 13-2) is **APPROVED** and **ADOPTED.**

    2.   Plaintiff's Objections to the Report and Recommendation (doc. no. 14) are **OVERRULED.**

    3.   Defendant's Motion for Summary Judgment (doc. no. 10) is **GRANTED.**

    4.   Plaintiff's motion for summary judgment (doc. no. 7) is **DENIED.**

5. The final decision of the Commissioner of Social Security is **AFFIRMED** and **JUDGMENT** is entered in favor of Defendant and against Plaintiff.

**AND IT IS SO ORDERED.**

S/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**
